[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13707

Non-Argument Calendar

_____

RUTH MARICELA FLORES GARMENDIA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A208-448-330

_____

Before NEWSOM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Ruth Maricela Flores Garmendia and her son, Noe Rodriguez Flores (as a derivative beneficiary of her asylum application) seek review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT).

After careful review, we dismiss Garmendia's petition in part as to her asylum and withholding-of-removal claims and deny it in part as to her CAT claim.

The facts are known to the parties, and we repeat them here only as necessary to resolve the case.

## I

Garmendia first asserts that the IJ improperly denied her claims for asylum and withholding of removal.

In denying her application for asylum, the IJ concluded, in relevant part, that Garmendia did not establish a nexus to a protected ground. The IJ also separately denied her application for asylum because she failed to identify a particular social group to which she belonged. Because the IJ determined that Garmendia failed to meet the burden of proof for asylum, it concluded that she

also necessarily failed to meet the higher burden required for withholding of removal.

We typically review only the final decision of the BIA, but when the BIA expressly adopts the IJ's decision on an issue, we will review the IJ's decision on that issue, as well. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). Review of the BIA's determination of legal questions is *de novo*. *Id.* Factual findings by the BIA, however, are reviewed for substantial evidence. *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1230 (11th Cir. 2007).

We review our own subject-matter jurisdiction *de novo*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). We do not consider issues not decided by the BIA. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

We may review a final order of removal only if the petitioner has exhausted her administrative remedies. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). When a petitioner fails to assert an error before the BIA and then attempts to raise that error before this Court, she has failed to exhaust administrative remedies, and we lack jurisdiction to consider the issue. *Jeune*, 810 F.3d at 800. It is not enough that the petitioner "merely identif[y]" an issue or make "passing reference" to it before the BIA—she must both raise the "core issue" and set out any discrete arguments relied on in support of her claim. *Id.* Moreover, when the issue is not purely a legal question, the petitioner must "provid[e] her argument's relevant factual underpinnings." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1298 (11th Cir. 2015).

## A

The Attorney General may grant asylum to an alien who meets the INA's definition of a "refugee." INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as follows:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country *because of* persecution or a well-founded fear of persecution *on account of* . . . membership in a particular social group.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A) (emphasis added).

The applicant bears the burden of proving that she is a refugee. INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i). To do so, the applicant must demonstrate that she (1) was persecuted in the past on account of a protected ground or (2) has a well-founded fear that she will be persecuted in the future on account of a protected ground. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006).

"To establish asylum based on past persecution, the applicant must prove (1) that [s]he was persecuted, and (2) that the persecution was on account of a protected ground." *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1351 (11th Cir. 2009) (quotation marks and brackets omitted). To establish a well-founded fear of future persecution, the applicant must show a reasonable possibility that she will be singled out for persecution on account of a

protected ground and that her fear is both "subjectively genuine and objectively reasonable." *Id.* at 1352 (quotation marks omitted). A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. *Id.* at 1351–52.

We lack jurisdiction to review Garmendia's arguments concerning her application for asylum. In denying her application, the IJ determined that she failed to establish that either her past persecution or her fear of future persecution was on account of a protected ground, such as membership in a particular social group. In her appeal brief to the BIA, she failed to challenge this finding, instead asserting only that she had demonstrated past persecution and a well-founded-fear of future persecution. Accordingly, we lack jurisdiction to review her current arguments concerning membership in a particular social group. *Jeune*, 810 F.3d at 800. And because a nexus between the alleged persecution, or fear thereof, and a protected ground is a required element of eligibility for asylum, it is unnecessary for us to consider her other arguments pertaining to that issue. *Kazemzadeh*, 577 F.3d at 1351–52.

## B

To qualify for withholding of removal under the INA, an alien must show that, if returned to her country, her life or freedom would be threatened on account of a protected ground, such as her membership in a particular social group. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3)(A). As with asylum, if an alien establishes past persecution, a rebuttable presumption arises that her "life or freedom" would again be threatened upon removal. 8 C.F.R. § 208.16(b);

*Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006). Otherwise, the alien must demonstrate that she would more likely than not be persecuted if returned to the country of removal. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004). If a petitioner is unable to meet the standard of proof for asylum, she cannot meet the more stringent standard for withholding of removal. *Id.*

As with respect to her asylum claim, Garmendia failed to establish a nexus between her fear of persecution and a protected ground. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). As such, her withholding-of-removal claim must suffer the same fate as her asylum claim.

⋆    ⋆    ⋆

Accordingly, we dismiss Garmendia's petition as to her asylum and withholding of removal claims.

## II

Garmendia next asserts that she met her burden to establish eligibility under CAT. The IJ denied her request for protection under CAT, finding no evidence in the record that she would be tortured upon returning to Honduras.

To obtain CAT relief, an applicant must show that she more likely than not will be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2). All relevant evidence must be considered, including her ability to relocate and human rights violations within the country. *Id.* (c)(3)(ii)–(iii). Harm constitutes

torture solely where it is inflicted by, or with the acquiescence of, a public official or other person acting in an official capacity. 8 C.F.R. § 1208.18(a)(1). To show that an official acquiesced in torture, a petitioner must show that, prior to the torture, the official (1) actually knew of the torture or was aware of its high probability and deliberately avoided learning the truth, and (2) breached his legal responsibility to intervene. *Id.* (a)(7). An official does not acquiesce if he intervenes but is unsuccessful. *Id.*

Here, substantial evidence supports the BIA's determination that Garmendia failed to show that she more likely than not would be tortured by or with the acquiescence of the government if removed to Honduras.

First, her abusers—her family members and the members of the gangs—were not government actors, and she failed to show the government would acquiesce to her torture, particularly because she testified that she never reported her family's abuse to the government. Additionally, when she did report the threats made against her to the government, she was referred to a special task force but failed to follow up with them. Thus, the record does not compel a finding that the government of Honduras would be unwilling or unable to protect her from future abuses. *See id.* § 1208.18(a)(7).

Second, Garmendia admitted, while testifying, that after leaving her father's home at 16, she was not contacted by her father or otherwise abused by members of her family before her departure from the country over a decade later. She also provided no

evidence that this abuse was likely to resume if she reentered Honduras.

Third, she admitted that the gang-member abuse was limited to threats, none of which rose to the level of physical harm, and there is no indication in the record that it is more likely than not that this would change, let alone graduate to torture if she were to return to Honduras.

For all these reasons, we deny Garmendia's petition as to her CAT claim.

★      ★      ★

In sum, we lack jurisdiction to review the BIA's decision affirming the denial of Garmendia's asylum and withholding-of-removal claims, as she failed to exhaust her administrative remedies by challenging an independent ground for the IJ's denial—namely that she failed to demonstrate that any past or future persecution was connected to a protected characteristic. And her CAT claim is due to be denied because substantial evidence supports the BIA's determination that she failed to show that she more likely than not would be tortured by or with the acquiescence of the government.

**PETITION DISMISSED IN PART, DENIED IN PART**